UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TODD A. GORMAN, et. al. § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:18-cv-03164 |
| § | |
| ALLSTATE INSURANCE COMPANY § | |
| § | |
| Defendant. § | |

## PLAINTIFF'S RULE 26(A)(1) INITIAL DISCLOSURES

TO THE HONORABLE UNITED STATES JUDE:

COME NOW, Plaintiffs, TODD A. GORMAN and NIN\A E. GORMAN, and pursuant to the Federal Rule of Civil Procedure 26(a) (1), respectfully submits his initial disclosures in action.

A. <u>Persons Likely To Have Discoverable Information Pursuant To Plaintiff.</u>

The following persons are likely to have discoverable information to the disputed facts:

1. Todd A. Gorman and Nina E. Gorman
   Plaintiffs
   c/o Ciano Pasta
   1800 St. James Place # 200
   Houston, TX 77056

   Mr. and Mrs. Gorman are the Plaintiffs. They have knowledge regarding all matters concerning the lawsuit, including, without limitation, damages which they seek to recover in this lawsuit.

2. Sarah Weikel
   Pilot Catastrophe
   PO. Box 9880
   Mobile, AL 36691

   Ms. Weikel is the adjuster who initially viewed the damage to Plaintiffs' property and assessed the claim.

1

3. Greg King
A+ Water & Restoration, LLC
14647 Cambridge Lane, Ste. "C"
Athens, AL 85613.

Mr. King and A+ Water and Fire Restoration were hired by Plaintiffs to estimate the costs to perform repairs to their damaged property and is familiar with all aspects of work required to remediate and repair the Plaintiffs' property and the cost to do so.

4. Nathan Evans
Disaster Restore 365
8615 Jackrabbit Road, Ste. J
Houston, TX 77095

Mr. Evans and Disaster Restore 365 were hired by Plaintiffs to perform repairs to their damaged property and is familiar with all aspects of work required to remediate and repair the Plaintiffs' property and the cost to do so.

5. Darryl Quinney, Public Adjuster
Drew Quinney, Public Adjuster
Loss Recovery LLC
1354 U.S. Highway 90A
Sheriden, TX 77475

Darryl and Drew Quinney are a Public Adjuster hired by the Plaintiffs to inspect the damages to their property and estimate of cost to repair it, who has knowledge regarding the Plaintiffs' flood claim.

6. Adjuster (name presently unknown)

This individual met with Loss Recovery to reassess the loss at the Plaintiff's property.

7. So-Techs Mechanical, LLC
3523 Shadow Trail
Houston, TX 77084

So-Techs Mechanical, LLC was hired by Plaintiffs to perform HVAC repairs to their damaged property and is familiar with all aspects of work required to remediate and repair the Plaintiffs' HVAC at their property and the cost to do so.

8. Any and all parties to this lawsuit, and/or their corporate reprsenatives..

9. Any person or entity listed by any party to this lawsuit in any disclosure, discovery response, pleading, motion, etc. served or filed in this lawsuit.

10. Ciano Pasta
1800 St. James Place # 200
Houston, TX 77056

Mr. Pasta is the Plaintiffs' attorney and has knowledge relating to the reasonable attorney fees involved in this litigation.

Relevant Documents, Electronically Stored Information & Tangible Things. A copy of, or description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment.

1. Standard Flood Insurance Policy under which Plaintiffs are making a claim in this lawsuit, a copy of which is attached to Defendant's Rule 26 Disclosures;

2. Allstate Insurance Company's Policy Service Claim File, a copy of which is attached to Defendant's Rule 26 Disclosures.

3. Allstate Insurance Company's Underwriting File, a copy of which is attached to Defendant's Rule 26 Disclosures.

4. Allstate Insurance Company's letter dated February 8, 2018 to Plaintiffs denying Plaintiffs' supplemental claim, a copy of which is attached as Exhibit "A" to these Disclosures.

5. Estimates of Repair/Adjustments of Loss prepared by Pilot Catastrophe;

6. Estimates of Repair/Adjustments of Loss prepared by A+Water & Restoration, LLC

7. Estimates of Repair/Adjustments of Loss prepared by Disaster Restore 365.

8. Estimates of Repair/Adjustment of Loss prepared by Loss Recovery, LLC

Plaintiffs reserve the right to supplement as discovery progresses.

B. Computation Of Damages.

Actual Damages

3

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this instrument was served upon all counsel of record on September 17, 2018.

_____
Ciano Pasta



## Allstate.
You're in good hands.

February 9, 2018

Loss Recovery LLC
P.O. Box 316
Sheridan, TX 77475-0316

Your Client/
Our Insured: Todd A. Gorman & Nina Gorman
Date of Loss: 08/29/2017
Claim Number: 0472496776
Loss Location: 5503 Evening Shore Dr.
Houston, TX 77041-6613

To Whom It May Concern:

We are writing to you in regard to the supplemental claim you have submitted under your National Flood Insurance Policy #4806491281. We are in receipt of your request for payment dated August 29, 2017, have considered the facts and information and have reviewed the terms of your policy. We have determined that you no longer have an insurable interest in the property. We are therefore concluding our activity in regard to this claim.

Please be advised that the new owner of this property is not entitled to coverage for the above-captioned loss. We refer you to your National Flood Insurance Policy, **Article VII – General Conditions**, Section L, which states:

> **L. No Benefit to Bailee**
> No Person or organization, other than you, having custody of covered property will benefit from this insurance.

If you do not agree with our decision to deny your claim, in whole or in part, Federal law allows you to appeal that decision within 60 days of the date of this denial letter. Your appeal must be in writing and include: a copy of this letter, a copy of the completed Proof of Loss form you submitted to the insurer, your written statement of the basis for the appeal and all the documentation which supports your written statement. The appeal may be sent via electronic mail to FEMA-NFIP-Appeals@fema.dhs.gov, or via US Mail.

You should not appeal your claim or any part of it, unless it has been denied by this letter. If you do and your claim has not been denied, in whole or in part, FEMA will return your appeal to you for not complying with their regulation. If you disagree with your insurance settlement and the item of your disagreement is not denied by this letter, you should submit a detailed request with the documentation which fully supports your position directly to us for consideration as a supplemental claim. The FEMA appeals process cannot overturn a denial when coverage is not afforded by the Standard Flood Insurance Policy. Federal assistance may be available to you if your flood loss is within a city or county included in a disaster declaration by the President of the United States. In such cases you may contact FEMA at (800) 621-3362 or register online at http://www.fema.gov.

Based on the terms and conditions of your policy we are unable to provide coverage on this claim. We trust that you understand the basis for this decision. However, if you would like to discuss this matter further, please call 888-202-3716 so that one of our catastrophe claim specialists can address your questions.

Should you have any questions regarding this decision, please refer to the **Policyholder Rights** on the last page of this correspondence. By this letter, we do not intend to waive or relinquish any of our rights or defenses, either listed or unlisted, under this policy of insurance.

Sincerely,
Claims Department
Allstate Insurance Company
Gulf Coast Flood MCO

**Allstate Insurance Company**
P.O. Box 9880    Mobile, AL 36691    T 888.202.3716    F 877.292.9527

EXHIBIT A

/bal
**Policyholder Rights**
*Actions Available When You Disagree with your Claims Settlement Amount*

The Federal Emergency Management Agency (FEMA) encourages all flood insurance policyholders with questions to talk to their adjusters or insurers. Your adjuster and insurer can help clarify how the flood insurance policy applies to your claim and take immediate action if needed.

After you receive a full or partial claim denial letter from your insurer, you have several options available if you disagree with the claim denial:

> **Appeal within 60 days of denial.** You may file a flood insurance appeal directly to. FEMA oversees the National Flood Insurance Program (NFIP).
> - You must file your appeal within sixty (60) days of the date of the insurer's denial letter by sending it to FEMA, 400 C Street SW, 3rd Floor SW, Washington, D.C. 20472-3010 or FEMA-NFIP-Appeals@fema.dhs.gov.
> - When you appeal, you must explain the issue(s) in writing, include a copy of the denial letter, and provide any supporting documentation.
> - Once you appeal, you can later choose to file suit against your insurer, but you can no longer seek appraisal under your flood insurance policy.
> - You cannot appeal after initiating the appraisal or litigation options.
>
> **Seek appraisal for disputes above the claim settlement amount of a covered loss (if applicable).** The flood insurance policy permits policyholders to request appraisal of the amount of loss for flood damaged property.
> - If you and your insurer agree that a covered loss occurred but disagree about the dollar amount of the loss, appraisal could completely resolve the claim.
> - You cannot appeal after initiating the appraisal option.
>
> **File suit within one (1) year of the denial of your claim.** Federal law permits you to file suit in the Federal District Court where the damage occurred within one (1) year of when your insurer first denied all or part of your claim (42 U.S.C. § 4072; 44 C.F.R. § 62.22).
> - If FEMA's NFIP Direct is your insurer, you may file suit against FEMA.
> - For all other insurers, you must sue the insurer. FEMA is not a proper party pursuant to 44 C.F.R. § 62.23(g).
> - Filing an appeal does not extend the period to file suit against your insurer.
> - You may file suit after filing an appeal with FEMA.
> - You cannot appeal after initiating the litigation option.

*Letters of Representation.* Whenever you want to authorize another party to speak with FEMA about your claim, you will need to do so in writing. By law, FEMA must obtain this authorization to protect your privacy. To authorize another individual(s) to represent you, please submit documentation that includes your full name, address, date and place of birth, the name(s) of your representative(s), and your signature. You must have this document notarized or include the following statement: "I declare under penalty of perjury that the foregoing is true and correct. Executed on <DATE>. <SIGNATURE>."

*Additional Information.* For more information about flood insurance claims, please reference the *Flood Insurance Claims Handbook* mailed to you by your insurer (also available online at www.fema.gov). You may find a copy of the National Flood Insurance Standard Policy Dwelling Form at https://www.fema.gov/national-flood-insurance-program/standard-flood-insurance-policy-forms.